UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CR-20361-SCOLA(s)

UNITED STATES OF AMERICA

vs.

CARLOS MIGUEL PENA,
    a/k/a "Miki,"

    Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and CARLOS MIGUEL PENA, a/k/a "Miki," ("Defendant") enter into the following agreement:

1. Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offenses for which he is charged. Understanding that right, and after full and complete consultation with his counsel, Defendant agrees to waive in open court his right to prosecution by Indictment and agrees that this Office may proceed by way of an Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Information. Count 1 charges the Defendant with conspiracy to import cocaine to the United States, in violation of 21 U.S.C. § 963. Count 2 charges the Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h).

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the crimes to which he is pleading guilty carry the following potential penalties: for Count 1 of the Superseding Information, the Court must impose a mandatory minimum term of at least ten years' imprisonment, and may impose a statutory maximum term of life imprisonment, followed by a term of at least five years and up to life, and a fine of up to $10,000,000; and for Count 2, the Court may impose a statutory maximum term of 20-years' imprisonment, followed by a term of supervised release of up to three years, and a fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of

$100 per count of conviction will be imposed on the Defendant, for a total of $200. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the

relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The parties agree that, although not binding on the Court of the Probation Office, they will make the following recommendations as to the offense level calculation for Count 1:

   a. The base offense level is 36 because the offense involved between 150 and 450 kilograms of cocaine;

   b. A three-level upward adjustment applies under U.S.S.G. § 3B1.1 applies because the Defendant served as a manager or supervisor of this criminal activity, which involved five or more participants and was otherwise extensive;

   c. A two-level upward adjustment applies under U.S.S.G. § 2D1.1(b)(16)(C) because the defendant will receive an upward adjustment for aggravated role and was directly involved in the importation of a controlled substance; and

   d. Besides adjustments for acceptance of responsibility as provided in paragraph 7 of this agreement, no other upward or downward adjustments apply.

9. The parties agree that, although not binding on the Court of the Probation Office, they will make the following recommendations as to the offense level calculation for Count 2:

   a. The base offense level is 8 under U.S.S.G. § 2S1.1(a)(2);

   b. A fourteen-level enhancement applies pursuant to U.S.S.G. § 2B1.1 because the value of the laundered funds was between $500,000 and $1,500,000;

   c. A six-level enhancement applies pursuant to U.S.S.G. § 2S1.1(b)(1) because the Defendant knew the money laundered was narcotics proceeds;

    d. A two-level enhancement applies pursuant to U.S.S.G. § 2S1.1(b)(2)(B) because the Defendant is convicted under 18 U.S.C.. § 1956; and

    e. Besides adjustments for acceptance of responsibility as provided in paragraph 7, no other upward or downward adjustments apply.

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), and/or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The

defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

14. Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of his offense of conviction in violation of 21 U.S.C. § 963, and any property used or intended to be used, in any manner or

part, to commit, or to facilitate the commission of, such offense, pursuant to 21 U.S.C. § 853. Defendant also agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, involved in the commission of his offense of conviction in violation of 18 U.S.C. § 1956(h), and any property traceable to such property. In addition, Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a.    a forfeiture money judgment in the sum of $1,354,454.78 in U.S. currency, which sum represents the value of the property subject to forfeiture as a result of Count 1 of the Superseding Information;

    b.    a forfeiture money judgment in the sum of $95,190 in U.S. currency, which sum represents the value of the property subject to forfeiture as a result of Count 2 of the Superseding Information, and for which co-defendants Harol Megarejo Estevez and Lorenzo Junior Solano Lora are also responsible so that all defendants are required to forfeit no more than such sum; and

    c.    directly forfeitable property, including, but not limited to, Defendant's interest in the proceeds from the sale of Unit 704 at 5350 Park condominium.

15. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16. Defendant also agrees to fully and truthfully disclose the existence, nature and

location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

   a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

   e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

18. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction. By signing this agreement, the defendant acknowledges that the

defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

19. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 9/22/2020

By: *Daniel J. Marcet*
DANIEL J. MARCET
ASSISTANT UNITED STATES ATTORNEY

Date: 9/22/2020

By: _____
PAUL PETRUZZI
COUNSEL FOR DEFENDANT

Date: 9/22/2020

By: _____
CARLOS MIGUEL PENA
DEFENDANT

10