UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20361-SCOLA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : |
| CARLOS MIGUEL PENA, | : |
| Defendant. | : |

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The Defendant, CARLOS MIGUEL PENA, through undersigned counsel, and pursuant to Rule 32 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3552, respectfully files the instant objections to the Presentence Investigation Report (hereinafter, "PSI"). Specifically, Mr. Pena objects, in whole or in part, to Paragraphs 44, 51, 52, 53, 54, 55, 56, 60, 104, 106, and 114 of the PSI as follows:

**General Objections**

Mr. Pena pleaded guilty to both counts of a two-count Superseding Information. (DE 147). Count One charged a Conspiracy to Import 5 Kilograms of more of Cocaine in violation of 21 U.S.C. § 963. Count Two charged a Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). (DE 144).

The PSI prepared for this case incorrectly recommends a total offense level that is two levels higher than what it ought to be (a level 40 rather than a level 37) with an advisory sentence approximately 6 years greater than it should be. It does so by inappropriately applying U.S.S.G. § 2S1.1(a)(1) to produce an incorrect total offense level. (PSI at ¶¶ 51, 52, 54, 56, and 60). Specifically, the PSI incorrectly finds that the

base offense level for the money laundering offense "is the offense level for the underlying offense from which the laundered funds were derived." (PSI at ¶ 51). In so doing, it also erroneously gave Mr. Pena a two-level aggravating role adjustment for being a manager of the money laundering activity on top of another two-level aggravating role adjustment for being a manager of the drug activity. (PSI at ¶ 52). Thus, the PSI erroneously recommends a total offense level of 40 with an applicable advisory guideline range of 292 to 365 months rather than a total offense level of 37 with an applicable advisory guideline range of 210 to 262 months.[1]

## Offense Level Computation

**Paragraph 50** of the PSI applies the Chapter Three, Part D, "Multiple Count" Adjustment to create two separate "Groups" of so-called "victims" of Mr. Pena's offense. *See* U.S.S.G. § 3D1.2(c) and 3D1.3(a). Although Mr. Pena objects to the Offense Level Computation set forth at paragraphs 51 through 60 of the PSI (because it inappropriately applies U.S.S.G. §2S1.1(a)(1) to establish the base offense level), the application of grouping rules as described in this paragraph is appropriate under 3D1.2(c). Thus, the group having the highest resulting offense level becomes the total offense level for both offenses of conviction.

**Paragraph 51** of the PSI incorrectly applies U.S.S.G. § 2S1.1(a)(1) to determine the offense level for the money laundering conspiracy. It incorrectly does so by erroneously concluding that "the base offense is the offense from which the laundered funds were derived." (PSI at ¶ 51). This conclusion is incorrect because the "underlying offense" the PSI references is the "conspiracy to import cocaine [holding Mr. Pena]

---

[1] The PSI accurately reflects a criminal history category of I.

2

accountable for 280 kilograms of cocaine" (i.e., the drugs seized in Miami from the "Triple A") and this conspiracy generated no proceeds to launder.

Section 2S1.1(a)(1) of the Sentencing Guidelines instructs the use of the guideline for the **underlying offense** where the defendant committed the underlying offense and the offense level for that offense can be determined.  Here, despite Mr. Pena's commission of the underlying offense (i.e. the "Triple A" seizure) it cannot be used to establish the base offense level for the money laundering offense.  This is for two reasons.  First, no money was generated from the offense because the drugs were seized before they could be sold.  Thus, there were no proceeds to launder.  Second, the $1,354,454.78 in proceeds that is the subject of the money laundering conspiracy was generated by other drug activities preceding the Triple A seizure.  (PSI at ¶¶ 26 through 38).

## Objection To Role Enhancement

**Paragraphs 44** (Role Assessment) **and 54** (Adjustment for Role in the Offense), read together, erroneously result in the recommendation that Mr. Pena be assigned a 3-level aggravating role adjustment, pursuant to §3B1.1(a), as an organizer or leader of a criminal activity that involved five or more participants or that was otherwise extensive. (PSI at ¶¶ 44 and 54). This is an incorrect application of the referenced guideline.

The Court's assessment of Mr. Pena's role in the offense is limited to his conduct with respect to each of the individual conspiracies to which he pleaded guilty and the applicable role enhancement should be two levels rather than three regardless of the count of conviction.

## Conclusion

In the event this Court sustains Mr. Pena's objections to the proposed application

3

of U.S.S.G. §2S1.1 set forth in the PSI, his base offense level would be a level 36. In the event the Court also sustains his objections to the aggravating role adjustment set forth at paragraph 54, his total offense level would be a level 37, after deducting three (3) levels for his acceptance of responsibility. With a total offense level of 37 and criminal history of category one (1), Mr. Pena's advisory guideline range would be 210 to 262 months' imprisonment.

>Respectfully submitted,
>
>**LAW OFFICES OF PAUL D. PETRUZZI, P.A.**
>8101 Biscayne Blvd.,
>Penthouse 701
>Miami, FL 33138
>Telephone: (305) 373-6773
>Facsimile:   (305) 373-3832
>E-mail: petruzzi-law@msn.com
>
>By:    /s/ Paul Petruzzi
>       **PAUL D. PETRUZZI, ESQ.**
>       Florida Bar No. 982059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via ECF upon counsel of record on January 25, 2021.

>By:    s/ Paul Petruzzi
>       **PAUL D. PETRUZZI, ESQ.**
>       Attorney for Defendant