**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-20361-CR-SCOLA(s)**

**UNITED STATES OF AMERICA,**

vs.

**CARLOS MIGUEL PENA,**

    **Defendant.**
_____/

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE**
**INVESTIGATION REPORT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to the Defendant's Objections to the Presentence Investigation Report. In short, the Defendant objects to the PSI's use of the "underlying offense" method of calculating the Defendant's money laundering guidelines (USSG 2B1.1(a)(1)) instead of the "value of the laundered funds" method (USSG 2B1.1(a)(2)), as stipulated by the parties in the plea agreement. As explained below, the United States agreed to use the latter method in the plea agreement in order to be consistent with Pena's codefendants in the calculation of the sentencing guidelines for the money laundering count, and the United States respectfully requests that the Court accept the parties' agreement.

**I.    Background**

On May 1, 2019, the Defendant Carlos Pena and his codefendants, Harol Melgarejo and Junior Solano, were charged by criminal complaint with conspiring to commit money laundering. Melgarejo and Solano had been arrested on April 30, 2019. The Defendant learned of the charges against him and initiated conversations regarding a self-surrender through prior defense attorneys, but ultimately did not self-surrender.

On June 1, 2019, the Defendant was observed at a residence in North Miami unloading a 280-kilogram shipment of cocaine from a yacht. The Defendant was able to evade law enforcement when they attempted to arrest him and ultimately fled to the Dominican Republic. While the Defendant was a fugitive, his codefendants pled guilty to the money laundering charges. In October of 2019, the United States Marshalls arrested the Defendant in the Dominican Republic, and he was brought to Miami to face the charges in this case.

On September 16, 2020, the United States filed a Superseding Information charging the Defendant with the same money laundering conspiracy as the original complaint and adding a charge for conspiracy to import five kilograms or more of cocaine. The Defendant pled guilty to both crimes pursuant to a plea agreement.

## II.   Plea Agreement versus PSI

In the Defendant's plea agreement, the parties agreed to use the same money laundering guidelines as were used to calculate the codefendant's sentencing guidelines, which resulted in a total offense level of 30 prior to acceptance of responsibility for Count 2. *See* Plea Agreement ¶ 9. The money laundering offense level was calculated using the "value of the laundered funds" method under U.S.S.G. § 2S1.1(a)(2) in order to be consistent with the Plea Agreements of codefendants Melgarejo and Solano. The parties further agreed that the Defendant's total offense level for the narcotics offense would be 41 prior to acceptance of responsibility for Count 1, which solely holds the Defendant accountable for the 280 kilograms of cocaine that he trafficked after he failed to self-surrender to the money laundering charges. *See* Plea Agreement ¶ 8.

The PSI essentially contains the same calculation of the offense level for the Defendant's narcotics trafficking offense. *See* PSI ¶¶51 & 54 (totaling an offense level of 41 for the narcotics trafficking and leadership enhancements). However, because the factual proffer provides that the Defendant performed the narcotics trafficking that underlay the money laundering conspiracy, the

PSI uses the narcotics offense level as the base offense level for the money laundering under U.S.S.G. § 2S1.1(a)(1). *Id.* This results in a total offense level of 43, prior to acceptance of responsibility.

The United States requests that the Court adopt the recommendation of the parties, as laid out in the plea agreement, which results in the following Guidelines ranges:

Count I: 41 – 3 (for acceptance) = 38

Count II: 30 – 3 (for acceptance) = 27

The United States entered this agreement in order to ensure that the Defendant would receive consistent treatment with his codefendants on the same money laundering charge while also being held accountable for the large-scale drug trafficking that he conducted after being charged with money laundering.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Daniel J. Marcet*
    Daniel J. Marcet
    Assistant United States Attorney
    Florida Bar No. 0114104
    11200 NW 20th Street
    Miami, Florida  33172
    TEL (786) 360-9778
    Daniel.Marcet@USDOJ.gov